UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0266-JCC |
| Plaintiff, | ORDER |
| v. | |
| CURTIS JAY PIPPIN, | |
| Defendant. | |

This matter comes before the Court on the Government's motion for reconsideration (Dkt. No. 74) of the Court's order granting Defendant's motion to suppress (Dkt. No. 70). The Court called for a response from Defendant and received one. (Dkt. No. 77.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for reconsideration and DENIES Defendant's motion to suppress (Dkt. No. 32) for the reasons explained herein.

**I.   BACKGROUND**

The facts are set forth in detail in this Court's previous order (Dkt. No. 70) and will not be repeated here. This Court previously granted Defendant's motion to suppress evidence seized as a result of the issuance of two state search warrants. (*Id*.) The Government now moves for reconsideration of that order, arguing that the order is based on a factual error that resulted in a legal error rising to the level of manifest error. (Dkt. No. 74 at 1–2.)

## II. DISCUSSION

"Motions for reconsideration are disfavored." W.D. Wash. Local Civ. R. 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

The Government argues that the warrant directed at Microsoft, which the Court found lacked probable cause, sought only subscriber information. (Dkt. No. 74 at 1.) Under existing Supreme Court and Circuit Court precedent, Defendant did not have a reasonable expectation of privacy in that information. (*Id.* at 1–2.) The Government goes on to argue that even if probable cause was lacking to issue the warrant, suppression was not an appropriate remedy as Defendant's Fourth Amendment rights were not violated. (*Id.* at 3.) The Court agrees.

The Fourth Amendment acts to protect a criminal defendant "only if he can show that he had a legitimate expectation of privacy in the place searched or the item seized." *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007) (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). The Supreme Court has consistently held "that a person has no legitimate expectation of privacy in information [s]he voluntarily turns over to third parties" and even if she turns over that information "on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." *Smith*, 442 U.S. at 743–44. Every court that has considered whether individuals have a privacy interest in subscriber information has held that they do not.[1] When an individual lacks a privacy interest, for purposes of the Fourth Amendment, no search has occurred. *United States v. Borowy*, 595 F.3d 1045, 1047 (9th Cir.

---

[1] *See United States v. Wheelock*, 772 F.3d 825, 828–29 (8th Cir. 2014); *United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010); *United States v. Perrine*, 518 F.3d 1196, 1204–05 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation."); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001); *see also United States v. Ortega*, __ F. App'x __ 2017 WL 510430, at *3 (11th Cir. Feb. 8, 2017); *United States v. Corbitt*, 588 F. App'x 594, 595 (9th Cir. 2014).

2010). If the Government has not conducted a search in violation of the Fourth Amendment, then the exclusionary rule suppressing the evidence is generally inappropriate. *Davis v. United States*, 564 U.S. 229, 231–32 (2011).

Here, the warrant issued to Microsoft sought only subscriber information, i.e., the name, address, and phone number the subscriber provided to Microsoft upon signing up for a Hotmail account. (Dkt. No. 31, Ex. 2 at 3.) This is not information for which Defendant had a reasonable expectation of privacy under the third-party exposure doctrine. As such, Microsoft's response to the first warrant—that yankraiders1970@hotmail.com was registered to Curtis Pippin in California at zip code 95848—should not have been suppressed, even if the underlying warrant was lacking in probable cause. (Dkt. No. 31-1 at 41.)

The implication of this holding affects the validity of the second warrant. In the order granting Defendant's motion to suppress, this Court stated that the subscriber information from the first warrant was "the only thing that links Curtis Pippin—along with his address and phone number—to the only email account that uploaded verified child pornography." (Dkt. No. 70 at 10.) The Court went on to conclude that "[w]ithout that link, the affiant had no way to connect Pippin and his address to the images uploaded by cjaypwriter@gmail.com. This invalidates the second warrant." (*Id.*) With the fruits of the first warrant no longer suppressed, the second affidavit contained sufficient information to connect Curtis Pippin to verified images of child pornography and his home address. There was probable cause to issue the second warrant.

Defendant argues that because the Court found the link "tenuous," there was still insufficient probable cause for the second warrant, and its fruits should be suppressed. (Dkt. No. 77 at 6.) However, while the Court did acknowledge it was a tenuous link, probable cause requires only a "'fair probability' that contraband or evidence is located in a particular place;" a finding that depends on "the totality of the circumstances, including reasonable inferences." *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) (quoting *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006)). With the inclusion of the fruits of the first warrant, the

second affidavit establishes probable cause to issue the second warrant. At the very least, the inclusion of the fruits of the first warrant make the second affidavit and warrant valid under the good faith exception. *See United States v. Hove*, 848 F.2d 137, 139 (9th Cir. 1988).

Defendant also argues that (1) the Government has not met its burden for reconsideration under the Local Rules, (2) the Government has not met its burden for reconsideration because it did not establish that the information sought was not entitled to Fourth Amendment protections, and (3) the affiant intentionally or recklessly misled the judge in the second affidavit. (Dkt. No. 77 at 2–5, 7.) The Court rejects all three arguments.

First, although the Government should have raised the expectation-of-privacy argument in its initial briefing, it was clear that the first warrant sought subscriber information. A suppression order based on an expectation of privacy in information falling under the third-party exposure doctrine constituted manifest error.

Defendant's second argument is essentially that the first warrant directed Microsoft to search everywhere within the yankraiders1970 account. (Dkt. No. 77 at 4.) However, how a third party conducts a search for information in its possession, and for which there is not a reasonable expectation of privacy, does not extend Fourth Amendment protections to subscriber information. That would essentially turn every administrative subpoena into a search protected by the Fourth Amendment.

Third, the Court does not find that the affiant intentionally or recklessly misled the judge by failing to include Microsoft's statement that it "cannot verify the identifying information supplied by free account users" and "does not make any representations regarding its accuracy." (*Id.* at 7; Dkt. No. 18 at 1–2.) This is an argument better made in Defendant's motion for a *Franks*[2] hearing. Further, the affiant sought the warrant so that she could confirm the information provided by Microsoft. The Court will not go so far as to say that the affiant intentionally or recklessly misled the judge through this omission.

---

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).

Accordingly, the Court finds the first and second warrants valid and DENIES Defendant's motion to suppress evidence from both warrants. (Dkt. No. 32.) This Court previously dismissed Defendant's motion for a *Franks* hearing (Dkt. No. 46) as moot. (Dkt. No. 70 at 12.) With this ruling, the Court reopens Defendant's motion for a *Franks* hearing (Dkt. No. 46) and RENOTES it for July 3, 2017. Defendant's motion to suppress evidence from Yahoo! (Dkt. No. 56) is also RENOTED for July 3, 2017.

**III.    CONCLUSION**

For the foregoing reasons, the Government's motion for reconsideration (Dkt. No. 74) is GRANTED. As a result, Defendant's motion to suppress (Dkt. No. 32) is DENIED.

DATED this 29th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE