THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CURTIS JAY PIPPIN,<br><br>　　　　　　　Defendant. | CASE NO. CR16-0266-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Curtis Jay Pippin's emergency motion for compassionate release (Dkt. No. 108). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion without prejudice for the reasons explained herein.

**I.　BACKGROUND**

On June 1, 2016, Auburn police arrested Mr. Pippin on suspicion of possessing child pornography. (Dkt. No. 91 at 3.) In September 2016, Mr. Pippin's case was federalized, (*id.* at 3), and he ultimately pleaded guilty to possessing 7,207 image files and 144 video files depicting minors engaged in sexually explicit conduct, (Dkt. No. 86 at 5–6).

On November 17, 2017, the Court sentenced Mr. Pippin to 84 months in prison with 20 years of supervised release to follow. (Dkt. No. 98 at 2–3.) The Court also recommended that Mr. Pippin be incarcerated at a federal medical center because he suffers from multiple chronic

medical conditions. (*Id.* at 2; Dkt. No. 109 at 2.) The Bureau of Prisons did not follow the Court's recommendation, although it did incarcerate Mr. Pippin at a facility, FCI-Lompoc, that is located near a hospital capable of treating his condition. (Dkt. No. 108 at 5.)

FCI-Lompoc is now suffering from a serious COVID-19 outbreak: as of May 5, 2020, 51 inmates and 10 staff members have tested positive for the virus. *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited May 5, 2020). That outbreak poses a unique risk to Mr. Pippin given his serious underlying medical conditions. (*See* Dkt. No. 111 at 3.) Because of the unique risk Mr. Pippin faces, he asked FCI-Lompoc via email on April 16, 2020, to file a motion for compassionate release on his behalf. (Dkt. No. 108 at 4.) FCI-Lompoc has yet to respond. (*Id.*) Mr. Pippin now asks the Court to release him before he serves the remaining 28 months of his 84-month sentence. (*See* Dkt. No. 108 at 5) (noting that Mr. Pippin's projected release date is September 6, 2022).

## II.   DISCUSSION

The Government argues that Mr. Pippin's motion is premature because 30 days have not elapsed since he asked FCI-Lompoc to bring a motion for compassionate release on his behalf. (*See* Dkt. No. 114 at 6.) Mr. Pippin acknowledges that 18 U.S.C. § 3582(c)(1)(A) requires him to wait 30 days to file his motion, but he claims that the Court can and should waive that requirement. (*See* Dkt. No. 108 at 17–20.) The Court concludes that it lacks authority to waive the 30-day waiting period.[1]

18 U.S.C. § 3582(c)(1)(A) is a statute, and it must be interpreted according to the same principles that govern the interpretation of any statute. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Those principles instruct a court to begin with a statute's text. *See id.* "If the statutory language is plain, [a court] must enforce it according to its terms." *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015). This fundamental tenet of statutory interpretation dictates the outcome in

---

[1] The Court need not decide whether 18 U.S.C. § 3582(c)(1)(A) is "jurisdictional." It is enough that the statute's text precludes the Court from crafting exceptions to the 30-day waiting period.

ORDER
CR16-0266-JCC
PAGE - 2

this case.

18 U.S.C. § 3582(c)(1)(A) allows a district court to modify a term of imprisonment in three limited circumstances: (1) "upon motion of the Director of the Bureau of Prisons"; (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf"; or (3) "upon motion of the defendant after . . . the lapse of 30 days from the receipt of . . . a request [for a motion from the BOP on the defendant's behalf] by the warden of the defendant's facility." These circumstances effectively give the BOP a maximum of 30 days to decide whether to bring a motion for compassionate relief on an inmate's behalf. Until the BOP makes a decision or those 30 days elapse, the statue prohibits a court from modifying an inmate's term of imprisonment.

On its face, § 3582(c)(1)(A) contains no textual basis for the Court to waive the 30-day waiting period. Section 3582(c) begins with a general rule: "the court may not modify a term of imprisonment once it has been imposed." Section 3582(c)(1)(A) then offers three specifically enumerated "excep[tions]" to that general rule. It lists no other exceptions, and it does not contain a catchall category allowing a court to waive the statute's requirements if the court deems it wise to do so.

When faced with similarly unambiguous statutory requirements, the Supreme Court has looked unfavorably on judge-made exceptions to those requirements. In *Ross v. Blake*, 136 S. Ct. 1850, 1856–58 (2016), the Supreme Court rejected a "special circumstance" exception to 42 U.S.C. § 1997e(a)'s exhaustion requirement, observing that the statute's mandatory language did not allow courts to create extra-textual exceptions. Similarly, in *Manrique v. United States*, 137 S. Ct. 1266, 1271–72, 1274 (2017), the Supreme Court held that "[c]ourts do not have discretion" to overlook a failure to comply with a statutory claims-processing rule because such rules are "unalterable" if a party properly raises them. The holdings in *Manrique*, *Ross*, and similar cases have led many courts to conclude that they have no authority to read exceptions into § 3582(c)(1)(A)'s unambiguous and mandatory language. *See, e.g.*, *United States v. Alam*,

2020 WL 1703881, slip op. at 2 (E.D. Mich. Apr. 8, 2020); *United States v. Holden*, 2020 WL 1673440, slip op. at 6 (D. Or. Apr. 6, 2020); *United States v. Johnson*, 2020 WL 1663360, slip op. at 5 (D. Md. Apr. 3, 2020). That includes two decisions from this district. *See United States v. Fuller*, Case No. CR17-0324-JLR, Dkt. No. 44 at 4–6 (W.D. Wash. Apr. 13, 2020); *United States v. Young*, Case No. CR14-5242-RJB, Dkt. No. 440 at 3 (W.D. Wash. Apr. 6, 2020).

The Court finds those decisions persuasive. As evidenced from its text, § 3582(c)(1)(A) attempts to balance two competing principles: the valuable insight that the BOP has to offer a Court, and the need to expeditiously resolve motions for compassionate release. The statute balances those principles by giving the BOP 30 days—no more, and no less—to decide whether it will bring a motion for compassionate release on an inmates' behalf. That 30-day deadline reflects a congressional judgment as to how long the BOP should have to offer its input in a case. The Court "must honor Congress's choice" because when it comes to statutes, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Ross*, 136 S. Ct. at 1857.

Mr. Pippin argues that the Court should feel free to create exceptions to § 3582(c)(1)(A) because courts often equitably toll statutes of limitations. (*See* Dkt. No. 108 at 15). However, courts equitably toll statutes of limitations because they reasonably assume that Congress wants them to do so, given that equitable tolling is well-rooted in American and English law. *See Young v. United States*, 535 U.S. 43, 49–50 (2002) ("Congress must be presumed to draft limitations periods in light of this background principle."). There is no analogous history that might shed light on the meaning of § 3582(c)(1)(A); the statute is, as many courts have noted, "extremely unusual." *See United States v. Russo*, 2020 WL 1862294, slip op. at 6 (S.D.N.Y. Apr. 14, 2020). That unusual nature cautions against interpreting § 3582(c)(1)(A) by analogy and in

ORDER
CR16-0266-JCC
PAGE - 4

favor of interpreting the statute according to its plain terms.[2]

Mr. Pippin also points to other courts that have concluded, "[m]andating the exhaustion requirement . . . during the COVID-19 pandemic cannot be what Congress intended." (Dkt. No. 116 at 9) (quoting *United States v. Coles*, 2020 WL 1976296, slip op. at 5 (C.D. Ill. Apr. 24, 2020)). The Court respectfully disagrees with those decisions, which conflate a court's preferred policy with the policy Congress enacted. Congress may have omitted an "emergency circumstances" exception from § 3582(c)(1)(A) because it concluded that times of crisis and uncertainty are precisely when the BOP's insight might be most valuable to a court trying to decide a motion for compassionate release. Congress may also have reasoned that in times of crisis, the BOP would promptly respond to inmates' requests, making judicial waiver unnecessary. Or Congress may have felt that a bright-line 30-day rule was better than a rule subject to arbitrarily crafted exceptions. We do not know for certain what Congress thought. What we do know is that Congress created a rule with no exceptions, and the Court must enforce that rule as written. *See Ross*, 136 S. Ct. at 1857.

That being said, the Court acknowledges the unprecedented crisis created by COVID-19. That crises poses unique risks to people with serious medical conditions like Mr. Pippin, and those risks demand that the BOP respond quickly to requests for compassionate release. For while Congress gave the BOP the power to wait 30 days to responds to such requests, it charged the BOP with the responsibility to act sooner when circumstances demand. The Court implores the BOP to do so now.

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Pippin's emergency motion for compassionate release (Dkt. No. 108) without prejudice.

---

[2] For that same reason, the Court assigns little weight to Ninth Circuit cases that read exceptions into claims-processing rules. *See Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017); *Forester v. Chertoff*, 500 F.3d 920, 929 (9th Cir. 2007).

1        DATED this 6th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR16-0266-JCC
PAGE - 6